UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID S. WILLIAMS and CHRISTINE L. WILLIAMS,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; QUALITY LOAN SERVICE CORP. OF WASHINGTON,

        Defendants.

CASE NO. C10-5880BHS

ORDER DENYING PLAINTIFFS' MOTION TO BAR NON-JUDICIAL FORECLOSURE

    This matter comes before the Court on Plaintiffs' Motion to Bar Non-Judicial Foreclosure (Dkt. 47).[1] The Court has considered the pleadings filed in support of, and in opposition to, the motion and the remainder of the file. For the reasons stated herein, the Court denies the motion.

---

[1] Plaintiffs style their motion as a "Motion to Bar Non-Judicial Foreclosure As Per FDCPA (15 U.S.C. §1692)." Dkt 47.

ORDER - 1

## I. DISCUSSION

Plaintiffs David S. Williams and Christine L. Williams ("Plaintiffs") seek to bar Defendants Wells Fargo Bank., N.A. ("Wells Fargo") and its Successor Trustee, Quality Loan Service Corp. of Washington ("Quality Loan Service") from foreclosing on the property located at the common street address of 15208 Daffodil Street Court East, Sumner, WA 98390 ("Property"), which Plaintiffs acquired in September 2004 via a statutory warranty deed. Dkt. 40 at 1-2, 13-16.[2] Plaintiffs do not dispute that they defaulted on their mortgage as of May 2009, and that they have since failed to cure that default. *See* Dkt. 47. Instead, they appear to argue that (1) Wells Fargo cannot proceed to foreclose where it acquired interest in the Property (via an Assignment of Deed of Trust) *after* the loan was already in default; and (2) Defendants, individually or collectively, have violated the Fair Debt Collection Practices Act ("FDCPA"). *Id*. at 3-4. Plaintiffs' arguments suffer several fatal flaws.

First, Washington Deed of Trust Act, RCW 61.24 et seq., provides a procedure by which any enumerated entity may restrain a trustee's sale on any proper ground. *See Gossen v. JPMorgan Chase Bank*, 2011 WL 4939828, at *6 (W.D. Wash. Oct. 18, 2011). This statutory procedure is the only means by which a grantor may restrain a sale once foreclosure has begun with receipt of the notice of sale and foreclosure. *Id*. (citing *Brown v. Household Realty Corp.*, 146 Wash. App. 157, 163 (2008). A borrower's

---

[2] The Court presented the procedural and factual background of this matter in its Order granting in part and denying in part Defendants Wells Fargo and Mortgage Electronic Registration Systems, Inc.'s Motion for Dismissal with Prejudice of All Claims (Dkt. 65).

failure to follow the statutory procedure can result in a waiver of his or her right to object to the trustee's sale. *Id.*; *see also Plein v. Lackey*, 149 Wash.2d 214, 225-229 (2003). Here, there is no evidence that Plaintiffs have paid into the court's registry "the sums that would be due on the obligation secured by the deed of trust," which is one of the conditions to restraining a trustee's sale. RCW 61.24.130. Plaintiffs are in arrears (in an amount more than $65,000, according to Defendants), and they may not seek relief until they pay that amount into the court's registry. If the amount is disputed, then Plaintiffs must pay the amount that they claim they owe. Plaintiffs have failed to make any effort to comply with this condition, and, for this reason alone, the Court denies this motion.

Second, as the Court explained in its previous orders on Defendants' motions to dismiss (*see* Dkts. 65, 66), Plaintiffs have failed to advance any cogent theory that Defendants, individually or collectively, violated the Deed of Trust Act. The Court has reviewed the underlying deed of trust, assignment documents, and notices of trustee's sale; and, on that review, the Court finds no basis for Plaintiffs' claim that Wells Fargo is not the proper current beneficiary of the deed of trust. To the extent that Plaintiffs challenge the legitimacy of MERS, the Court, again, finds no legal or factual support for this theory. *See* Dkt. 65 at 6-8.

Finally, the FDCPA does not provide for injunctive relief. *See Moon v. Recontrust, NA*, 2011 WL 2474264, at *3 (W.D. Wash. June 20, 2011); *see also* 15 U.S.C. §§ 1692k(a) & 1681n-o. Accordingly, even if Plaintiffs could ultimately prevail on that claim (which is the only claim that survived Defendants' motions to dismiss), the remedy would not include injunction.

## II. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' Motion to Bar Non-Judicial Foreclosure is **DENIED**.

Dated this 12th day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge