UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID S. WILLIAMS and CHRISTINE L. WILLIAMS,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; QUALITY LOAN SERVICE CORP. OF WASHINGTON,

    Defendants.

CASE NO. C10-5880BHS

ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT DISMISSAL OF THE REMAINING CLAIM

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment Dismissal of the Remaining Claim (Dkt. 69). The Court has considered the pleadings filed in support of, and in opposition to, the motion and the remainder of the file. For the reasons stated herein, the Court hereby grants the motion.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

The Court previously presented the procedural and factual accounts of this matter in its January 10, 2012 order granting in part and denying in part Wells Fargo and Mortgage Electronic Registration Systems Inc.'s ("MERS") Motion for Dismissal with

Prejudice of All Claims ("January 10, 2012 Order"). Dkt. 65. The facts relevant to this motion are recounted here.

In their complaint, Plaintiffs David S. Williams and Christine L. Williams asserted several claims in connection with their efforts to enjoin the foreclosure of their home. Dkt. 1. On January 10, 2012, the Court dismissed all claims, except for the Fair Debt Collections Practices Act ("FDCPA") claim against Wells Fargo. Dkt. 65.[1] In denying Wells Fargo's motion to dismiss the FDCPA claim ("First Motion"), the Court rejected the argument that Wells Fargo was not a "debt collector" under the FDCPA. *Id*. at 10-13. The Court explained that Plaintiffs, who stopped making payments on the loan in or about May 2009, had been in default for more than a year at the time that MERS assigned the deed of trust to Wells Fargo in June 2010. *Id*. Because Plaintiffs had been in default at the time that Wells Fargo acquired the deed of trust, the Court ruled that the FDCPA treated Wells Fargo as a debt collector (and not a creditor). *Id*.

In the instant motion, Wells Fargo again moves to dismiss the FDCPA claim relying primarily on the same argument that it is not a debt collector under the statute. Dkt. 69. But, unlike last time, Wells Fargo now contends that it acquired the loan not in July 2010 after Plaintiffs' default, as it previously argued, but in June 2007 *before* Plaintiffs stopped making payments on the underlying loan. *Id*. at 5; Dkt. 77 at 5. Wells Fargo argues that the so-called "new evidence" – i.e., that it serviced the loan at issue

---

[1] By the same order, the Court dismissed all claims against MERS (Dkt. 65), and by a separate order, also dated January 10, 2012, the Court dismissed all claims against Quality Loan Service Corp. of Washington (Dkt. 66). Accordingly, Wells Fargo is the only defendant remaining in this lawsuit.

ORDER - 2

from June 2007 through Plaintiffs' default – causes it to fall outside the statutory definition of "debt collector" and discharges any potential liability under the FDCPA. *Id*.; Dkt. 69 at 5.  Separately, Wells Fargo argues that, notwithstanding whether or not it is a debt collector, Plaintiffs have failed to submit any evidence in support of their FDCPA claim.

## II. DISCUSSION

A.  **New Evidence and the January 10, 2012 Order**

As an initial matter, the Court finds it puzzling that Wells Fargo previously overlooked the fundamental issue of when, and under what circumstances, it first acquired the underlying loan.  In the First Motion, Wells Fargo stated that, in May 2007, MortgageIT, Inc. loaned Plaintiffs $300,000 for the purposes of refinancing the loan on their primary residence, but did not mention Wells Fargo's purported acquisition of the loan a month later.  Dkt. 52 at 2; *cf.* Dkt. 69 at 2 (claiming that Wells Fargo became the servicing agent on June 28, 2007).  Instead, Wells Fargo represented that MERS recorded an Assignment of Deed of Trust to Wells Fargo on July 20, 2010, which, absent other information, painted a picture for the Court that Wells Fargo had no connection to the loan before that assignment of July 20, 2010.  Dkt. 52 at 2.  In an about-face, Wells Fargo now contends that it sold the loan at some point on the secondary market to an unidentified investor, but that "the servicing rights have been maintained by Wells Fargo Home Mortgage since we acquired the loan on June 28, 2007."  Dkt. 69 at 3 (citing May 26, 2009 letter (Dkt. 70 at 10)).  This is not "new evidence," as Wells Fargo now contends, but information that always existed, which Wells Fargo should have, but did

1  not, include in its First Motion. Indeed, Wells Fargo claims that it produced in discovery

2  the promissory note ("Note") evidencing its acquisition of the loan in June 2007. Dkt. 70

3  at 2. Wells Fargo's failure to fully explain its role in the history of the loan in the First

4  Motion places the Court in the necessary position of having to revisit its January 10, 2012

5  order. That being said, having reviewed the January 10, 2012 order, the Court finds that

6  this new information does not change its earlier ruling on the First Motion.

7  **B.    New Evidence and the FDCPA Claim**

8  Accordingly, the Court turns its attention to whether the so-called "new evidence"

9  bars Plaintiffs' FDCPA claim. As support for its contention that it acquired the loan on

10 June 28, 2007, Wells Fargo attaches a copy of the Note, dated May 30, 2007, which

11 memorialized Plaintiffs' agreement to pay back borrowed sums to MortgageIT, Inc., as

12 lender, by directing payments to GMAC Mortgage, LLC. Dkt. 70 at 6. The Note does

13 *not* reference Wells Fargo in text, but instead the copy submitted with the motion

14 includes two stamps on the final page of the Note that reference Wells Fargo. *Id.* at 8.

15 The first stamp reads: "Pay to the Order of Wells Fargo Bank, N.A.," and "Without

16 Recourse MortgageIT, Inc," followed by a signature from Blaine Brazzle, Assistant

17 Secretary. The second stamp reads: "Without Recourse Pay to the Order of Wells Fargo

18 Bank, N.A.," followed by a signature from William G. Arends, Assistant Vice-President.

19 *Id*. Based on these stamps, which are undated (*id*.), and a half-page computer print-out

20 referring to an "ACQN Date" of "062807" (Dkt. 70 at 5), Wells Fargo argues that it

21 "acquired the Note on June 28, 2007." Dkt. 69 at 2. In so doing, Wells Fargo contends

22 that the computer print-out is part of Plaintiffs' loan file and "is part of the process of

how Wells Fargo tracks the origination and acquisition of mortgage obligations as part of its regular course of business." Dkt. 70 at 2. Even if true, the Court finds that this record, without more, is insufficient to evidence MortgageIT's transfer of the Note to Wells Fargo on June 28, 2007, especially at a time when objections regarding the paper trail concerning ownership of mortgage notes continue to dominate the national discourse.

Nevertheless, even assuming that Wells Fargo acquired the loan on June 28, 2007, the Court finds that Wells Fargo has not demonstrated, for purposes of the analysis under the FDCPA, that it retained and continually exercised servicing rights after it sold the Note on the secondary market. Wells Fargo cites only to a letter dated May 26, 2009, for its conclusory claim that, "[a]t a minimum, [it] serviced the loan from June 2007 up through the default in May of 2009." Dkt. 77 at 5; *see also* Dkt. 70 at 10. Without actual admissible evidence, the Court finds that Wells Fargo cannot sustain its burden on summary judgment to show that it is not a "debt collector" under the FDCPA.[2]

---

[2] Even if Wells Fargo maintained servicing rights throughout the relevant period, the Court questions whether Wells Fargo's sale of the Note on the secondary market is indeed irrelevant to the analysis under the FDCPA, as Wells Fargo claims. On this point, Wells Fargo cites to the Report of the Permanent Editorial Board for the Uniform Commercial Code ("Report"). *See* Dkt. 77 at 12-23; Dkt. 78 at 5-21. Although the Report is helpful for understanding relationships between owners and servicers of notes, it does not precisely address the question here: Whether Wells Fargo would be a party currently "collecting the debt of another" under the FDCPA when (1) it purportedly acquired the Note in June 2007; (2) sold the Note on the secondary market at some later date, but purportedly retained and exercised servicing rights; (3) Plaintiffs defaulted on the Note in or about May 2009; and (4) Wells Fargo subsequently re-acquired the Note in July 2010. The motion attempts to address this issue, but ultimately falls short in providing clear authority.

C.  **Wells Fargo's Actions Regarding Verification of Debt**

Although the Court cannot find, based on the current record, that Wells Fargo is not a debt collector under the FDCPA, the Court concludes that Plaintiffs have failed to provide evidence that Wells Fargo engaged in abusive collection methods or harassment. For this reason, the Court grants the motion.

In their motion, Wells Fargo submitted to the Court letters, along with attachments, that it had sent to Plaintiffs on May 26, 2009 and June 30, 2009. Dkt. 70 at 10-53.[3] In those letters, Wells Fargo maintained that it was (and had been) the servicer on the loan since June 28, 2007, and, in so doing, Wells Fargo rejected Plaintiffs' claim that any sale of the loan on the secondary market, which was common practice in the industry, somehow resulted in the debt being paid in full. *Id.* at 33. In the same correspondence, Wells Fargo specified the unpaid principal balance remaining on the loan and provided Plaintiffs with a copy of the Customer Account Activity Statement to illustrate the payment activity on the mortgage from the date of origination through the date of the letter. *Id.* The Court finds that this correspondence sufficiently refutes Plaintiffs' claim that they never received validation of the debt. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006) ("verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed") (citations omitted). This is especially so in the case where Plaintiffs, who indisputably defaulted on their loan, have

---

[3] In their response, Plaintiffs moved to strike the Declaration of Matthew R. Overton and exhibits, submitted with Wells Fargo's motion. Dkt. 75 at 6. The Court denies the motion.

failed to specify the date(s) on which they claim they asked Wells Fargo to verify the debt and have otherwise failed to provide any detail regarding the nature of their requests or explain why the responses that Wells Fargo submitted inadequately addressed their concerns. In this context, the nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986)).

Accordingly, the Court grants Wells Fargo's motion for summary judgment dismissing Plaintiffs' FDCPA claim.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment Dismissal of the Remaining Claim (Dkt. 69) is **GRANTED**, and this case is closed.

Dated this 11th day of April, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 7