1

2

3

4

5          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
6                  AT TACOMA

7   DAVID S. WILLIAMS and CHRISTINE
    L. WILLIAMS,                              CASE NO. C10-5880BHS
8
                     Plaintiffs,
                                              ORDER GRANTING
9                                             DEFENDANT WELLS FARGO
    v.                                        BANK, N.A.'S MOTION FOR
10                                            SUMMARY JUDGMENT
    WELLS FARGO BANK, N.A.;                   DISMISSAL OF THE
11  MORTGAGE ELECTRONIC                       REMAINING CLAIM
    REGISTRATION SYSTEMS INC.;
12  QUALITY LOAN SERVICE CORP. OF
    WASHINGTON,
13
                     Defendants.

14

15        This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s

16  Motion for Summary Judgment Dismissal of the Remaining Claim (Dkt. 69). The Court

17  has considered the pleadings filed in support of, and in opposition to, the motion and the

18  remainder of the file.  For the reasons stated herein, the Court hereby grants the motion.

19              **I. PROCEDURAL AND FACTUAL BACKGROUND**

20        The Court previously presented the procedural and factual accounts of this matter

21  in its January 10, 2012 order granting in part and denying in part Wells Fargo and

22  Mortgage Electronic Registration Systems Inc.'s ("MERS") Motion for Dismissal with

1  Prejudice of All Claims ("January 10, 2012 Order").  Dkt. 65.  The facts relevant to this

2  motion are recounted here.

3       In their complaint, Plaintiffs David S. Williams and Christine L. Williams asserted

4  several claims in connection with their efforts to enjoin the foreclosure of their home.

5  Dkt. 1.  On January 10, 2012, the Court dismissed all claims, except for the Fair Debt

6  Collections Practices Act ("FDCPA") claim against Wells Fargo.  Dkt. 65.[1]  In denying

7  Wells Fargo's motion to dismiss the FDCPA claim ("First Motion"), the Court rejected

8  the argument that Wells Fargo was not a "debt collector" under the FDCPA.  *Id*. at 10-13.

9  The Court explained that Plaintiffs, who stopped making payments on the loan in or

10 about May 2009, had been in default for more than a year at the time that MERS assigned

11 the deed of trust to Wells Fargo in June 2010.  *Id*.  Because Plaintiffs had been in default

12 at the time that Wells Fargo acquired the deed of trust, the Court ruled that the FDCPA

13 treated Wells Fargo as a debt collector (and not a creditor).  *Id*.

14      In the instant motion, Wells Fargo again moves to dismiss the FDCPA claim

15 relying primarily on the same argument that it is not a debt collector under the statute.

16 Dkt. 69.  But, unlike last time, Wells Fargo now contends that it acquired the loan not in

17 July 2010 after Plaintiffs' default, as it previously argued, but in June 2007 *before*

18 Plaintiffs stopped making payments on the underlying loan.  *Id*. at 5; Dkt. 77 at 5.  Wells

19 Fargo argues that the so-called "new evidence" – i.e., that it serviced the loan at issue

20

21      [1] By the same order, the Court dismissed all claims against MERS (Dkt. 65), and by a
   separate order, also dated January 10, 2012, the Court dismissed all claims against Quality Loan
   Service Corp. of Washington (Dkt. 66).  Accordingly, Wells Fargo is the only defendant
22 remaining in this lawsuit.

1  from June 2007 through Plaintiffs' default – causes it to fall outside the statutory

2  definition of "debt collector" and discharges any potential liability under the FDCPA.

3  *Id*.; Dkt. 69 at 5.  Separately, Wells Fargo argues that, notwithstanding whether or not it

4  is a debt collector, Plaintiffs have failed to submit any evidence in support of their

5  FDCPA claim.

6                              **II. DISCUSSION**

7  **A.      New Evidence and the January 10, 2012 Order**

8          As an initial matter, the Court finds it puzzling that Wells Fargo previously

9  overlooked the fundamental issue of when, and under what circumstances, it first

10  acquired the underlying loan.  In the First Motion, Wells Fargo stated that, in May 2007,

11  MortgageIT, Inc. loaned Plaintiffs $300,000 for the purposes of refinancing the loan on

12  their primary residence, but did not mention Wells Fargo's purported acquisition of the

13  loan a month later.  Dkt. 52 at 2; *cf*. Dkt. 69 at 2 (claiming that Wells Fargo became the

14  servicing agent on June 28, 2007).  Instead, Wells Fargo represented that MERS recorded

15  an Assignment of Deed of Trust to Wells Fargo on July 20, 2010, which, absent other

16  information, painted a picture for the Court that Wells Fargo had no connection to the

17  loan before that assignment of July 20, 2010.  Dkt. 52 at 2.  In an about-face, Wells Fargo

18  now contends that it sold the loan at some point on the secondary market to an

19  unidentified investor, but that "the servicing rights have been maintained by Wells Fargo

20  Home Mortgage since we acquired the loan on June 28, 2007."  Dkt. 69 at 3 (citing May

21  26, 2009 letter (Dkt. 70 at 10)).  This is not "new evidence," as Wells Fargo now

22  contends, but information that always existed, which Wells Fargo should have, but did

1   not, include in its First Motion.  Indeed, Wells Fargo claims that it produced in discovery

2   the promissory note ("Note") evidencing its acquisition of the loan in June 2007.  Dkt. 70

3   at 2.  Wells Fargo's failure to fully explain its role in the history of the loan in the First

4   Motion places the Court in the necessary position of having to revisit its January 10, 2012

5   order.  That being said, having reviewed the January 10, 2012 order, the Court finds that

6   this new information does not change its earlier ruling on the First Motion.

7   **B.**     **New Evidence and the FDCPA Claim**

8         Accordingly, the Court turns its attention to whether the so-called "new evidence"

9   bars Plaintiffs' FDCPA claim.  As support for its contention that it acquired the loan on

10   June 28, 2007, Wells Fargo attaches a copy of the Note, dated May 30, 2007, which

11   memorialized Plaintiffs' agreement to pay back borrowed sums to MortgageIT, Inc., as

12   lender, by directing payments to GMAC Mortgage, LLC.  Dkt. 70 at 6.  The Note does

13   *not* reference Wells Fargo in text, but instead the copy submitted with the motion

14   includes two stamps on the final page of the Note that reference Wells Fargo.  *Id*. at 8.

15   The first stamp reads: "Pay to the Order of Wells Fargo Bank, N.A.," and "Without

16   Recourse MortgageIT, Inc," followed by a signature from Blaine Brazzle, Assistant

17   Secretary.  The second stamp reads: "Without Recourse Pay to the Order of Wells Fargo

18   Bank, N.A.," followed by a signature from William G. Arends, Assistant Vice-President.

19   *Id*.  Based on these stamps, which are undated (*id*.), and a half-page computer print-out

20   referring to an "ACQN Date" of "062807" (Dkt. 70 at 5), Wells Fargo argues that it

21   "acquired the Note on June 28, 2007."  Dkt. 69 at 2.   In so doing, Wells Fargo contends

22   that the computer print-out is part of Plaintiffs' loan file and "is part of the process of

1  how Wells Fargo tracks the origination and acquisition of mortgage obligations as part of

2  its regular course of business." Dkt. 70 at 2.  Even if true, the Court finds that this record,

3  without more, is insufficient to evidence MortgageIT's transfer of the Note to Wells

4  Fargo on June 28, 2007, especially at a time when objections regarding the paper trail

5  concerning ownership of mortgage notes continue to dominate the national discourse.

6      Nevertheless, even assuming that Wells Fargo acquired the loan on June 28, 2007,

7  the Court finds that Wells Fargo has not demonstrated, for purposes of the analysis under

8  the FDCPA, that it retained and continually exercised servicing rights after it sold the

9  Note on the secondary market.  Wells Fargo cites only to a letter dated May 26, 2009, for

10 its conclusory claim that, "[a]t a minimum, [it] serviced the loan from June 2007 up

11 through the default in May of 2009."  Dkt. 77 at 5; *see also* Dkt. 70 at 10.  Without actual

12 admissible evidence, the Court finds that Wells Fargo cannot sustain its burden on

13 summary judgment to show that it is not a "debt collector" under the FDCPA.[2]

14

15

16  _____

17      [2] Even if Wells Fargo maintained servicing rights throughout the relevant period, the
    Court questions whether Wells Fargo's sale of the Note on the secondary market is indeed
18  irrelevant to the analysis under the FDCPA, as Wells Fargo claims.  On this point, Wells Fargo
    cites to the Report of the Permanent Editorial Board for the Uniform Commercial Code
19  ("Report").  *See* Dkt. 77 at 12-23; Dkt. 78 at 5-21.  Although the Report is helpful for
    understanding relationships between owners and servicers of notes, it does not precisely address
20  the question here:  Whether Wells Fargo would be a party currently "collecting the debt of
    another" under the FDCPA when (1) it purportedly acquired the Note in June 2007; (2) sold the
    Note on the secondary market at some later date, but purportedly retained and exercised
21  servicing rights; (3) Plaintiffs defaulted on the Note in or about May 2009; and (4) Wells Fargo
    subsequently re-acquired the Note in July 2010.  The motion attempts to address this issue, but
22  ultimately falls short in providing clear authority.

1 **C. Wells Fargo's Actions Regarding Verification of Debt**

2       Although the Court cannot find, based on the current record, that Wells Fargo is

3 not a debt collector under the FDCPA, the Court concludes that Plaintiffs have failed to

4 provide evidence that Wells Fargo engaged in abusive collection methods or harassment.

5 For this reason, the Court grants the motion.

6       In their motion, Wells Fargo submitted to the Court letters, along with

7 attachments, that it had sent to Plaintiffs on May 26, 2009 and June 30, 2009.  Dkt. 70 at

8 10-53.[3]  In those letters, Wells Fargo maintained that it was (and had been) the servicer

9 on the loan since June 28, 2007, and, in so doing, Wells Fargo rejected Plaintiffs' claim

10 that any sale of the loan on the secondary market, which was common practice in the

11 industry, somehow resulted in the debt being paid in full.  *Id.* at 33.  In the same

12 correspondence, Wells Fargo specified the unpaid principal balance remaining on the

13 loan and provided Plaintiffs with a copy of the Customer Account Activity Statement to

14 illustrate the payment activity on the mortgage from the date of origination through the

15 date of the letter.  *Id.*  The Court finds that this correspondence sufficiently refutes

16 Plaintiffs' claim that they never received validation of the debt.  *Clark v. Capital Credit*

17 *& Collection Servs., Inc.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006) ("verification of a debt

18 involves nothing more than the debt collector confirming in writing that the amount being

19 demanded is what the creditor is claiming is owed") (citations omitted).  This is

20 especially so in the case where Plaintiffs, who indisputably defaulted on their loan, have

21

22      [3] In their response, Plaintiffs moved to strike the Declaration of Matthew R. Overton and exhibits, submitted with Wells Fargo's motion.  Dkt. 75 at 6.  The Court denies the motion.

1 | failed to specify the date(s) on which they claim they asked Wells Fargo to verify the

2 | debt and have otherwise failed to provide any detail regarding the nature of their requests

3 | or explain why the responses that Wells Fargo submitted inadequately addressed their

4 | concerns. In this context, the nonmoving party may not merely state that it will discredit

5 | the moving party's evidence at trial, in the hopes that evidence can be developed at trial

6 | to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d 626, 630 (9th Cir. 1987) (citing

7 | *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986)).

8 |       Accordingly, the Court grants Wells Fargo's motion for summary judgment

9 | dismissing Plaintiffs' FDCPA claim.

10 | **III. ORDER**

11 |       Therefore, it is hereby **ORDERED** that Defendant Wells Fargo Bank, N.A.'s

12 | Motion for Summary Judgment Dismissal of the Remaining Claim (Dkt. 69) is

13 | **GRANTED**, and this case is closed.

14 |       Dated this 11th day of April, 2012.

15 |

16 |

17 | BENJAMIN H. SETTLE
   | United States District Judge

18 |

19 |

20 |

21 |

22 |